

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,820-01

### EX PARTE ROBERT WAYNE MECKEL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. S-12-3110CR-HC IN THE 36TH DISTRICT COURT FROM SAN PATRICIO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to eight years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Meckel v. State*, No. 13-18-00099-CR (Tex. App.—Corpus Christi-Edinburg Aug. 2, 2018)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance by informing him that the maximum sentence would be two years' state jail imprisonment, failing to investigate and present possible defenses, failing to call witnesses, failing to object to a biased judge, and failing to

object to a disproportionate sentence.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 15, 2019
Do not publish